W. M. STEPHENSON ET AL. V. A. F. GLASS ET AL.

Application No. 14419. Decided January 20, 1926.

(279 S. W., 260.)

1.—Lease for Oil Production—Conveyance—Right to Royalty.

Refusing writ of error in the case of Stephenson v. Glass, 276 S. W., 1110, the court, however, disapprove certain holdings of the appellate court therein. The owner of 884 acres of land which he had leased for oil production on a royalty basis conveyed to another a specific 20 acres thereof, relinquishing to the grantee his royalty rights therein. This conveyed to the grantee the royalty in oil produced from the specific 20 acres, not its proportionate part .(20-884) of the royalty on oil produced from the entire tract leased. Hoffman v. Magnolia Co., 273 S. W., 828, and Japhet v. McRae, 276, S. W., 669, are held not in conflict. (P. 193.)

2.—Lease—Repudiation by Lessee—Forfeiture.

The owner, having leased land for oil production on a royalty basis, sold a part of it with the royalty rights therein. His subsequent contract .with the lessee altering the terms of the lease contract as to the whole tract could not affect the rights of such grantee of a part, and the lessee's repudiation of the original lease as to such part, and insistence on the terms of the new contract as applicable thereto, forfeited his rights as lessee of that part. (P. 193.)

Application for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Glass and others recovered a judgment against Stephenson and others which was affirmed on defendant's appeal (276 S. W., 1110.) The writ of error is here refused in a memorandum opinion *per curiam,* approving the judgment, but disapproving some of the rulings announced by the appellate court.

*Douglas & Carter,* for petitioners.

PER CURIAM: While disapproving so much of the opinion of the Honorable Court of Civil Appeals as holds that the conveyance of the twenty acres passed an undivided interest in the royalty on the entire 884 acres of land and as holds that there is any conflict between the cited cases decided by the Commission of Appeals, we refuse this petition for writ of error because proper effect was given to the repudiation of the lessees' obligations under the original lease. The modified lease did not bind any interest of the purchaser of the twenty acres. The lessees could not repudiate or abandon their obligations under the lease of the 884 acres and retain any rights in and to the twenty acres.